## Richmond.

## Va. Fire & Marine Insurance Co. v. Goode & Co.

### April 7, 1898.

#### Absent, Keith, P., and Cardwell, J.

1. INSURANCE—*Proof of Loss—Specific Objections—Denial of All Liability Dispenses With Proof of Loss.*—An objection to a proof of loss under a fire insurance policy on the ground that it is "not satisfactory," without specifying the defects, is not sufficient, and a failure to specify defects is a waiver of any objection to the proof. And a denial of all liability under a policy, without giving reasons, absolves the assured from any obligation to furnish preliminary proof of loss, or to correct defects in it if it has been furnished.

2. PRINCIPAL AND AGENT—*Facts Communicated to Agent—Answers Dictated or Approved by Insurance Agents or Their Employees—Estoppel.*—Facts communicated to the general agents of an insurance company while acting within the scope of their agency, or to the employees of such agents during the course of their employment, bind the company, whether communicated to it or not, and where such agents or employees, after full knowledge of the facts, dictate or approve answers given by an applicant in the application for the insurance, the company cannot thereafter deny the truth or sufficiency of such answer, though it is stipulated in the policy that the answer shall be deemed to be a warranty.

3. INSURANCE—*Application—Parol Evidence—Estoppel.*—In actions upon insurance policies it is permissible to show by parol evidence that representations, as written in the application for the insurance, ought not to be used against the assured upon the ground of equitable estoppel.

Error to a judgment of the Circuit Court of Fauquier county, rendered September 15, 1896, in an action of *assumpsit* wherein the defendant in error was the plaintiff, and the plaintiff in error was the defendant.

*Affirmed.*

The application on which the policy in suit was based contained, among others, the following questions and answers:

"19. Occupant.   Will you agree to keep a reliable person in the building at all times?   State name of such person at present.

"Answer.   W. B. Goode.   Sleeps in building."

"20. Encumbrance.   Is the property, building, or stock encumbered by mortgage, judgments, suits, or otherwise?

"Answer.   None."

During the trial the plaintiff, W. B. Goode, was placed on the stand as a witness and asked: "How and why was it you made answer to question No. 20 in the application to defendant for insurance as therein written?"   The defendant objected "because to answer it will be to alter, vary and change 'the written contract' for insurance made with defendant by Goode & Co. and violate plaintiff's solemn 'warranties' contained in said contract."   But the court overruled the objection, and permitted the witness to answer, to which action of the court the defendant excepted.   While the plaintiff, A. M. Wright, was being examined touching the answer to question 19, counsel for the plaintiff asked him: "What was the understanding between Goode & Co. and Robert E. Harris as to the answer to be made to this question, and the meaning of this question?"   Counsel for the defendant made the same objection as was made to question propounded to the witness Goode, but the court overruled the objection, and the defendant again excepted.

After all the evidence had been introduced the plaintiff tendered four instructions, to which the defendant objected and moved the court, in lieu thereof, to give nine instructions which it then tendered.   The court gave the four instructions tendered by the plaintiffs, but refused to give defendant's instructions numbered 4, 5, 6, 7, 8 and 9.   To this action of the court the defendant excepted.   The instructions given by the court at the instance of the plaintiffs, and those refused, are as follows:

## *Plaintiff's Instruction.*

"(1.) The court instructs the jury that an ordinary agent of a fire insurance company has power to employ such clerks or sub-agents as may be necessary to discharge the usual business of the agency, and any waiver which the agent himself could make is to be attributed to him when made by such clerk or sub-agent."

"(2.) The court instructs the jury that if they believe from the evidence that Thomas B. Harris & Son were the agents of the defendant company, that Robert E. Harris was the employee of Thomas B. Harris & Son and was in the habit of soliciting insurance for them, and did solicit with their knowledge and assent, or by their authority, the plaintiff's insurance, then his acts and declarations while negotiating the plaintiff's insurance were the acts and declarations of the agents, and bound the defendant company to the same extent that they would if done or made by such agents in person.

"And the court further instructs the jury if they believe from the evidence that the said Robert E. Harris was the employee of Thomas B. Harris & Son, and that the said Thomas B. Harris & Son were the agents of defendant company; that the said Robert E. Harris was in the habit of soliciting insurance for said Thomas B. Harris & Son and with their knowledge and assent or by their authority did solicit plaintiff's insurance; that then said Robert E. Harris was authorized to make the contract of insurance and if he either filled up the application or stood by and dictated the answers to the questions contained in the same, with knowledge of the real condition and situation of the risk, then such knowledge is imputable to the company and estops the latter from setting up any warranty inconsistent therewith, and this waiver need not be in writing notwithstanding the fact that the policy itself may contain a clause restricting the agent's authority in this respect."

"(3.) The courts instructs the jury that if they believe from the evidence that Thomas B. Harris & Son were the agents of the defendant company and that Robert E. Harris was the employee of Thomas B. Harris & Son in soliciting plaintiff's insurance and did solicit said insurance with their knowledge and assent, or by their authority, and was in the habit of soliciting insurance for said agents, that then the said Robert E. Harris was authorized to make the contract of insurance, and if the jury believe from the evidence that in answer to the 19th question in the application "Will you agree to keep a reliable person in the building at all times? State name of such person" that said Robert E. Harris was informed that W. B. Goode habitually slept in the building, but could not be there at all times, as he had to go away some times to purchase goods as well as for other purposes, and that said Harris told plaintiffs that that made no difference and that the answer "W. B. Goode sleeps in the building" would be sufficient, and all that was required by the company, then said defendant company is now estopped from setting up any warranty inconsistent therewith and thereby avoiding the policy sued on."

"(4.) The court instructs the jury that if they believe from the evidence that Thomas B. Harris & Son were the agents of the defendant company, and that Robert E. Harris was the employee of Thomas B. Harris & Son in soliciting plaintiff's insurance, and did solicit said insurance with their knowledge and assent, or by their authority, and was in the habit of soliciting insurance for said agents, that then the said Robert E. Harris was authorized to make the contract of insurance, and if the jury further believe from the evidence that there was a lien upon the stock of goods so insured, and that the fact of this lien was made known to said Robert E. Harris, at the time of filling up the application, and that the answer that there was no encumbrance, as put in said application, was made by the said Harris himself, or done at his instance and suggestion, then such knowledge is imputable to the principal, the defendant

company, and estops them from now setting up any warranty inconsistent therewith and thereby avoid the policy sued upon."

### *Defendant's Instructions Which Were Refused.*

"No. 4. That the answers made by Goode & Co. to the questions propounded by the defendant company in the application for insurance, on which the policy in the declaration mentioned issued, by the terms of that policy, are 'Warranties' which bind said plaintiffs. And if the jury believe from the evidence that these warranties, or any of them, have been broken by Goode & Co., or if said 'Warranties,' or any of them, on the part of Goode & Co. have not been kept and performed, then, and in either event, they must find for defendant company the issues joined."

"(5.) If the jury believe from the evidence that R. E. Harris was employed by the firm of Harris & Son, and by them paid for his work and services, then said R. E. Harris was the agent of said Harris & Son, and to make him agent for the defendant company, the plaintiffs must further prove, and the jury, from their evidence, believe, that the acts done and representations made by said R. E. Harris to 'Goode & Co.' were made known to the defendant company or its general agent, and by the defendant company or its general agent ratified and accepted."

"(6.) If the jury believe from the evidence that R. E. Harris was only a special soliciting agent employed by Harris & Son, agents of the Virginia Fire & Marine Ins. Co., and that as such he took the application of plaintiffs, his authority did not extend to the right to waive or modify the terms and conditions of the policy of insurance issued by the company, unless by special authority of the company or said company's general agent, which it is encumbent on the plaintiffs to prove."

"(7.) The court instructs the jury that the stipulations and answers given by the plaintiffs in their application for insurance, taken in connection with the policy issued in pursuance thereof, constitute 'a warranty' which is broken, if any of said stipula-

tions are not complied with, or any false answers given, and therefore the said policy is void, even though the jury believe that the matters involved are not material to the risk incurred by the company."

"(8.). If the jury believe from the evidence that at the time Goode & Co. made answers to the 20th question in their application for the policy of insurance upon which this suit is brought, as thereon written, namely, 'none!' the deed of trust to E. E. Meredith had been executed and delivered, unless they further believe that R. E. Harris was empowered and authorized by the said defendant company, or said company's general agent, to waive the requirement of said policy concerning liens, and did waive the lien aforesaid, they must find the issues joined for the defendant company."

"(9.) If the jury believe that in the application for insurance to the defendant company in answer to the question No. 20, as to whether or not there was any encumbrance, the applicants answered 'None!' when, in fact, at the time the deed of trust to secure Newman had been executed by W. B. Goode, and that Robert E. Harris told applicants to answer as applicants did make answer to that question, stating to them that the deed of trust was too small to notice; and if they further believe that neither T. B. Harris & Son, nor the defendant company, were informed of the existence of said deed of trust or of this conversation until after the fire, then this constitutes a fraud upon the defendant company and makes void the policy sued upon, and the jury must find for the defendant company."

*J. A. C. Keith, R. C. Scott, J. V. Brooke* and *B. T. Crump,* for the plaintiff in error.

*Jeffries & White,* for the defendant in error.

RIELY, J., delivered the opinion of the court.

The questions arising upon the writ of error awarded in this

case are, with few exceptions, the same that were disposed of in the case of *Georgia Home Ins. Co.* v. *Goode & Co.*, just decided, *ante*, p. 751. It will, therefore, only be necessary to decide those not arising in that case, and refer to it for the proper disposition of the questions common to both cases, for, although that case was before us upon a demurrer to the evidence, and this case is before us upon a motion for a new trial, the same principles govern us in their consideration and disposition. Code of Va., sec. 3484.

The plaintiffs were the same in both cases, and the evidence shows that the applications for insurance were taken by the same person, at the same time, upon the same stock of goods, and that the recovery sought in each case was for the loss caused by the same fire. And upon a comparison of the evidence, so far as it relates to the questions common to both cases, there was no material difference.

In regard to the claims of a variance between the allegations of the declaration and the proof upon the issues of partnership, and the objection that the aggregate amount of the recovery exceeded the damages laid in the declaration by reason of the allowance by the jury of interest on the amount assessed as *damages*, it is sufficient to refer to what was said in respect thereto in that case.

It was urged as an obstacle to a recovery in this case that the preliminary proof of loss was not furnished as required by the terms of the policy.

It appears from the evidence that a blank form of proof of loss was sent to the plaintiffs by the defendant company, which they filled up, swore to, and returned to the company. Its receipt was acknowledged by the company, but in its letter acknowledging the receipt, it simply stated, without pointing out any defects, that the proof was not made up in conformity with the policy contract, and was "not satisfactory." It was obligatory upon the company to specify the defects, and its failure to do so was a waiver of any objection to the proof of loss. 2 May on Insurance (3d ed.), secs. 468 and 469 B.

The plaintiff, A. M. Wright, testified that shortly after the company acknowledged the receipt of the proof of loss, its adjuster, R. F. Johnson, came to Calverton, the place where the plaintiff had conducted their business prior to and at the time of the fire, and sent for the witness, who was at his home, about two miles off; that he talked with Johnson, exhibited to him their books, the inventory, and such duplicate invoices as they had been able to procure, and told him all the facts and circumstances in connection with the issuing of the insurance; and that immediately thereafter they received a letter from the company denying the liability and declining to pay the loss.    It is well established that a denial of all liability under the policy, without giving reasons, absolves the insured from any obligation to furnish preliminary proof of loss, or to correct defects in it if it has been furnished.    In such case, it would be but an idle formality, which the law will not require to be performed.    2 May on Ins., sec. 469; Richards on Insurance, sec. 81; *Portsmouth Ins. Co.* v. *Reynolds*, 32 Gratt. 613; and *West Rockingham Mut. F. Ins. Co.* v. *Sheets*, 26 Gratt. 854.

The nineteenth question contained in the application was in these words: "Will you agree to keep a reliable person in the building at all times?    State name of such person at present."    To which the following reply was made: "Answer: W. B. Goode.    Sleeps in building."

It appears from the evidence that when the application was being filled up and the answer to the above question had to be given, the soliciting agent, Robert E. Harris, was informed by the applicants that W. B. Goode habitually slept in the building, and seldom elsewhere, but that it was impossible for him to sleep there every night, as he was compelled to be away some times to purchase goods, as well as for other purposes; that he had at that time no clerk; that his partner, Wright, lived nearly two miles away, and that if the company insisted upon some one sleeping in the building every night, they would answer the question "No"; that the agent said that this was not the meaning of the

clause; that the company did not expect that some one should sleep in the building every night; that even a farmer was away from his house some nights, and that the answer, as it was afterwards written: "W. B. Goode: Sleeps in building" would be all that was necessary, and would be satisfactory to the company; and that the answer was so written at the agent's dictation, and with full knowledge on his part of the entire situation.

Robert E. Harris negotiated the insurance with Goode & Co. for the Va. Fire and Marine Ins. Co., and for the Georgia Home Ins. Co. at the same time. In point of fact, it was divided between the companies at his suggestion. In soliciting the insurance he was the sub-agent or employee of Thomas B. Harris & Son, who were general agents for both of the said companies, and were vested with like powers by each of them. In the case of *Goode & Co.* v. *Georgia Home Ins. Co.*, 92 Va. 392, Judge Buchanan, in delivering the opinion of the court, said: "The evidence introduced by the plaintiffs tended to prove a state of facts which entitled the plaintiffs to prove any act or declaration of Robert E. Harris whilst engaged in negotiating with the plaintiffs in reference to their insurance, which they would have had the right to prove if the act or declaration had been made by Thomas B. Harris & Son, the agents, in person; and, if it appeared from the whole evidence, that Robert E. Harris was the employee of Thomas B. Harris & Son, agents of the defendant, and was in the habit of soliciting insurance for them, and that he solicited the plaintiff's insurance with the knowledge and assent, or by authority, of said agents, then his acts and declarations whilst negotiating the plaintiff's insurance were the acts and declarations of the agents, and bound the defendant company to the same extent that they would, if done or made by such agents in person."

The evidence in this case was sufficient to establish the very state of facts, which, it was said by Judge Buchanan, the evidence in that cause tended to prove, and the contention of the defendant company that because Goode was absent at the house

of his partner on the night of the fire on a visit to his daughter, to whom he was engaged, and whom he afterwards married, the policy was avoided, cannot prevail. If the facts communicated to Robert E. Harris had been communicated directly to the company, it would have been estopped to assert a forfeiture of the policy because there was no one sleeping in the building on the night of the fire. His knowledge being imputable to the company, it is equally estopped, although the facts that were communicated to him were not disclosed by him to the company, or to its general agents, whose employee he was. *Goode & Co.* v. *Georgia Home Ins. Co., supra.*

This conclusion renders unnecessary any expression of opinion in regard to the nature of the answer, as to whether it was a promissory or merely an affirmative warranty, as a somewhat similar answer was held to be in *Va. Fire & Marine Ins. Co.* v. *Buck & Newsom,* 88 Va. 517.

To the twentieth question contained in the application, which was as follows: "Is the property, building, or stock encumbered by mortgage, judgments, suit, or otherwise?" the answer given was "None."

The evidence in this case as to what occurred between the insured and the agent in respect to this matter at the time the application was made out is substantially the same as in the case of the *Georgia Home Ins. Co.* v. *Goode & Co., Ante,* p. 751. The question of forfeiture was there fully discussed and decided against the contention of the company. It is sufficient here to refer simply to what was there said on the subject.

The bills of exception, 1 and 3 (number 2 not being relied on), raise the question of the admissibility of the testimony as to what passed between the insured and the agent at the time that the answers to questions 19 and 20 were given. The court did not err in admitting the testimony. The law is well established that such evidence is proper in the case of insurance contracts. It is not offered or admitted for the purpose of contradicting the writing, "but to show that the representation, as it

was written, ought not to be used against the party upon the ground of an equitable estoppel." *Lynchburg F. Ins. Co. v. West,* 76 Va. 575.

It is not deemed necessary to go over the instructions *seriatim,* as the questions of law embodied in them have been so recently considered and decided by this court. *Mutual F. Ins. Co. of Loudoun Co. v. Ward,* 95 Va. 231; *Farmers' and Mechanics' Benev. F. Ass. v. Williams,* Id. 248; and *Goode & Co. v. Georgia Home Ins. Co.,* 92 Va. 392. It is sufficient to say that, after a careful examination, we find that those given by the court for the plaintiffs correctly state the law as expounded by this court, and that those asked for by the defendant company and refused by the court were in conflict with the principles of its decisions.

It was contended in this case, as in the case of the *Georgia Home Insurance Company* v. *Goode & Co.,* that while the application contained no express limitation on the powers of the agent, yet the questions themselves brought home notice to the insured of the limited powers of the agent. This position was held to be untenable in that case, and the conclusion in this case must be the same.

We find no error in the judgment of the Circuit Court, and it must be affirmed.

<div align="right">

*Affirmed.*