## Wytheville.

### BEMISS AND ANOTHER V. COMMONWEALTH.

#### June 13, 1912.

1. APPEAL AND ERROR—*Supersedeas Bond—Statutory Condition—Depreciation in Bonds.*—The language of section 3470 of the Code (1904), declaring that the condition of every *supersedeas* bond shall .be for the payment of all damages, costs, and fees, *and all actual damages incurred in consequence of the supersedeas* (where the judgment or decree appealed from is affirmed) is to be read into every statutory *supersedeas* bond taken since its enactment, whether inserted in the bond or not, and is broad enough to cover the depreciation in the value of State bonds between the date when they were directed to be delivered by the decree appealed from and the date of their actua delivery, upon the affirmance of said decree by the appellate court.

2. APPEAL AND ERROR—*Supersedeas Bond—Damages—Depreciation in Bonds Delivered in Kind.*—In an action on a *supersedeas* bond to recover damages by reason of the suspension of a decree (subsequently affirmed) for the delivery of State bonds in kind, the plaintiff is entitled to recover the depreciation in the market value of the bonds between the date of the suspension and the date of delivery, together with the difference between the interest (less taxes) he could have made on the money and that actually received on the bonds. The fact that he received the bonds in kind makes no difference, as he had to take them in a depreciated condition.

Error to a judgment of the Law and Equity Court of the city of Richmond, in a proceeding by motion on a *supersedeas* bond. Judgment for the plaintiff. Defendants assign error.

*Affirmed.*

The opinion states the case.

*Munford, Hunton, Williams & Anderson,* for the plaintiffs in error.

*George Bryan,* for the defendant in error.

62

KEITH, P., delivered the opinion of the court.

The Chancery Court of the city of Richmond, by its decree entered on the 17th of March, 1910, directed its clerk to deliver to the First National Bank of Richmond, Va., or to George Bryan, its attorney, Virginia Century bonds of the face value of $25,500. From this decree an appeal was allowed upon the petition of the Commercial Trust Company, and a *supersedeas* bond in the penalty of $1,000 was required, which was executed by Bemiss and Williams, the plaintiffs in error, and bears date the 12th of May, 1910. The condition of this bond was that if the said petitioners "shall perform and satisfy the decree in case the same be affirmed, or said appeal and *supersedeas* be dismissed, and shall also pay all damages, costs, and fees which may be awarded against or incurred by them, then this obligation to be void, otherwise to remain in full force and virtue."

The decree appealed from was affirmed, and the First National Bank gave notice that on a certain day it would move the Law and Equity Court of the city of Richmond for a judgment against the petitioners, Bemiss and Williams, for the penalty of the bond, claiming that the costs and damages sustained amounted to $1,519.26, of which sum $828.75 was for alleged depreciation in value of the bonds during the period the decree of March 17, 1910, was suspended by the appeal, and $690.51, difference between interest at six *per cent.* on the market value of the bonds and three *per cent.* interest on the face value of said bonds, during the same period.

The petitioners here, defendants in the court below, craved *oyer* of said bond, and demurred to the notice; the ground of demurrer being that the condition of the bond, to pay "all damages, costs, and fees which may be awarded against or incurred by them," does not cover such costs and damages as are set out in the notice.

The court overruled the demurrer, the petitioners pleaded conditions performed, and, a jury having been waived, the whole matter of law and fact was submitted to the court. The facts agreed were as follows: That the Virginia Century bonds, between the 17th day of March, 1910, and the 11th day of March, 1911,.

depreciated in market value $697.50; that between the dates named the First National Bank loaned money at a rate of interest as high as six *per cent.*, but that the average rate was five and one-half *per cent.;* that the money collected from the United States on account of the "Mohawk" was, upon the recommendation of the receiver, invested in Virginia Century bonds, in order that the fund should be exempt from taxation; that the bank could have realized two and one-half *per cent.* interest on the cost of said bonds, in addition to the three *per cent.* interest which was paid on the face value of said bonds, which, between the dates named, would have been $575.00, but the money invested in said bonds would have been liable to taxes, which, between the dates named, would have amounted to $402.50, leaving the amount claimed to have been lost by the plaintiff on account of interest $172.50; that either party may rely upon the printed record in the case of *Commercial Trust Company, Trustee,* v. *First National Bank,* and the opinion handed down on March 9, 1911, 112 Va. 44, 70 S. E. 532, as fully as if the same had been fully set out; that because of the *supersedeas* granted in the case the $25,500 of Virginia Century bonds, referred to in the decree of March 17, 1910, were retained in the custody of the clerk of the court from the 17th day of March, 1910, to the 13th day of March, 1911, at which date they were delivered, under and pursuant to the terms and conditions of said decree, to the First National Bank, and no other or further payment has been made to the said bank in satisfaction of said decree; that if, at any time subsequent to said 17th day of March, 1910, the First National Bank had made application to the Chancery Court to have entered an order directing that the aforesaid Century bonds be sold, and the proceeds held to await the result of this litigation, Eppa Hunton, Jr., of counsel for the Commercial Trust Company, would have made no objection to such a decree for the clients whom he represented, and he believes that no objection would have been made to such a decree by counsel for the other appellants in the suit of *Commercial Trust Company* v. *First National Bank;* that on the 20th day of July, 1911, the court entered a judgment against Bemiss and Williams for the sum of $697.50 on account of the depreciation in value of the bonds mentioned in said notice of

motion for judgment, and the further sum of $172.50, on account of interest, as set forth in said notice, with interest on both sums from the 13th day of March, 1911, to which action of the court Bemiss and Williams excepted. To that judgment a writ of error was awarded, and the case is before us for consideration.

Upon the demurrer the plaintiffs in error rely chiefly upon the case of *Cardwell* v. *Allen, Trustee,* 28 Gratt. (69 Va.) 184. The opinion there construed section 13 of chapter 178 of the Code of 1873, which sets forth the condition of an appeal and *supersedeas* bond to be, to "pay all damages, costs, and fees which may be awarded against or incurred by the appellants or petitioners," and it was held that this language was not broad enough to cover the rents and profits of real estate in the possession of the appellant. The language of the bond in the present case is identical with that construed in the case just cited, but the statute upon the subject has been amended, and so much of it as is pertinent to the question before us reads as follows; The condition of the bond, if a *supersedeas* be awarded, shall be "to perform and satisfy the judgment, decree, or order, or the part thereof, proceedings on which are stayed, in case the said judgment, decree, or such part, be affirmed, or the appeal, writ of error, or *supersedeas* be dismissed, and also to pay all damages, costs, and fees which may be awarded against or incurred by the appellants or petitioners, in the appellate court, *and all actual damages incurred in consequence of the supersedeas.*"

It is unnecessary to consider what our opinion would be as to the binding force of *Cardwell* v. *Allen, supra,* had there been no change in the statute since that case was decided. It is true that the language of the bond in this case is identical with the language of the bond in that case, and it may be conceded that the construction placed upon the statute by the court in *Cardwell* v. *Allen* would not have embraced the damages claimed by the notice in the case before us. The statute, however, has made a radical change, and has provided that the bond shall be for the payment of all damages, costs, and fees, and all actual damages incurred in consequence of the *supersedeas,* which is broad enough to cover the damages in question; the whole contention in support of the demurrer being that, as this court had held in *Cardwell* v. *Allen*

that the condition to pay all damages, costs, and fees was not broad enough to cover the rents and profits of real estate, it is not broad enough to cover the damages claimed in this case. When the change in the statute was made it was the purpose of the legislature to enlarge the scope of the *supersedeas* bond, and to extend its protection to cases not theretofore embraced in it, and that statute is, we think, to be read into every statutory *supersedeas* bond which has been executed since its passage. Had the statute in the Code of 1873, which was construed in the case of *Cardwell* v. *Allen,* been such as we now find it to be in section 3470 of the Code of 1904, we cannot, for a moment, believe that the condition of the bond before us, which is to pay all damages, costs, and fees, would not have been held sufficient to cover the rents of real estate in the hands of the appellant, which were excluded by the judgment of the court in *Cardwell* v. *Allen,* and sufficient to embrace all actual damages incurred in consequence of the *supersedeas,* although the latter phrase had not in terms been set out in the *supersedeas* bond as it was executed.

We are of opinion that there was no error in the judgment of the law and equity court upon the demurrer.

It is also claimed, on behalf of the plaintiffs in error, that the judgment of the law and equity court was erroneous in allowing the sum of $697.50 on account of depreciation in the value of the bonds between the date of the decree, which was the 17th day of March, 1910, and the 11th day of March, 1911, when they were actually delivered to the defendants in error. The contention of plaintiffs in error rests upon the proposition that, inasmuch as it appears that the Century bonds were delivered to the defendants in error in kind, and it does not appear that they have ever been sold, they have received what the decree in the case of *Commercial Trust Company* v. *First National Bank* gave them, and that no loss upon this account has been sustained.

In this view we cannot concur. When the decree of March, 1910, was rendered, which was subsequently affirmed, the bank was entitled to the immediate possession of the Century bonds, to do with as to it seemed best. They were worth at that date, in the market, a certain sum. Possession of them was wrongfully

withheld from the bank for about a year, and when the bank actually received them they had depreciated to the amount for which the court gave judgment. The bank, in March, 1911, received what had diminished in value $697.50, as compared with what it was entitled to receive in March, 1910. We think it comes plainly within the condition of the bond.

Upon the whole case we are of opinion that there was no error to the prejudice of the plaintiffs in error, and the judgment is affirmed.

*Affirmed.*