## Richmond

NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PENNSYLVANIA v. JOHNNIE LEE DIXON.

November 29, 1965.

Record No. 6055.

Present, All the Justices.

*Murray J. Janus* (*Robert R. Merhige, Jr.; Bremner, Merhige, Byrne, Montgomery & Baber,* on brief), for the appellant.

*Paul M. Lipkin* (*Armand L. Levy; Goldblatt & Lipkin,* on brief), for the appellee.

CARRICO, J., delivered the opinion of the court.

Johnnie Lee Dixon, the complainant, filed a bill of complaint against National Union Fire Insurance Company of Pittsburgh, Pennsylvania, the defendant, and N. D. Bozeman, Jr.

The bill alleged that the defendant had issued to the complainant an automobile liability insurance policy; that on December 31, 1963, while the policy was in effect, the complainant was involved in an automobile accident while driving the insured vehicle; that, as a result of the accident, an action had been filed against the complainant by Bozeman, and that the defendant had refused to defend the action and to assume financial responsibility for any judgment that might be rendered against the complainant therein.

The bill prayed that the court declare that the insurance policy "was valid, subsisting, effective and in force on December 31, 1963 at the time of the accident"; that the defendant be required to defend the action against the complainant, and that Bozeman be enjoined from prosecuting his action pending the adjudication of the complainant's rights under the policy.

The defendant filed its answer in which it admitted the issuance of the policy but claimed that it had cancelled the policy, effective as of 12:01 a.m. on December 31, 1963, prior to the time the accident occurred on that date.

The chancellor heard the evidence ore tenus and entered a final decree adjudicating that the policy "was properly in effect on December 31, 1963, and had not been effectively canceled in accordance with the policy provisions and the statutes for such cases made and provided." The defendant was directed to defend the action brought against the complainant and to "pay any final adverse judgment rendered therein." Bozeman was enjoined from prosecuting his claim until final disposition of this cause. The defendant alone sought and was granted an appeal.

The evidence shows that the insurance policy in question was issued to the complainant by Buttrill Insurance Agency, Inc., of Norfolk, the "Authorized Representative" of the defendant. The policy was to be effective for twelve months from October 24, 1963.

On December 20, 1963, the defendant insurance company mailed to the complainant a notice of cancellation of the policy, effective as of 12:01 a.m. on December 31, 1963. However, at the hearing before the chancellor, the defendant stipulated that its notice of cancellation "was not effective because the [complainant's] address is not the address that was on the policy." The defendant then attempted to rely upon a notice of cancellation purportedly mailed to the complainant by the Buttrill Agency on December 19, 1963, ostensibly cancelling the policy effective as of 12:01 a.m. on December 30, 1963.

The complainant denied ever receiving the notice from the Buttrill Agency. The complainant testified and the defendant conceded that the unearned premium for the policy had not been returned to the complainant.

The defendant contends that the notice mailed by the Buttrill Agency conformed in all respects to the provisions of the policy[1] and to Code, § 38.1-381.1[2], relating to cancellation, and that the policy was, therefore, validly and effectively cancelled. The defendant says in its brief that it was not questioned at the hearing "that the Buttrill Agency, as general agents of the National Union Fire Insurance Company, had authority to cancel the policy."

The complainant does not dispute that the notice of cancellation mailed by the Buttrill Agency conformed to the provisions of the policy and the statute. He concedes that it was immaterial that he did not receive the notice and that the unearned premium was not returned to him.

The complainant, however, takes sharp issue with the defendant upon the question of the alleged authority of the Buttrill Agency to cancel the insurance policy. The complainant says "for appellant to state . . . that the question of general agency was not raised at the trial is inaccurate and not borne out by the record. The burden was upon appellant, and the Court found that it failed to sustain the burden."

We are unable to determine from the record upon what basis the chancellor decided that the notice mailed by the Buttrill Agency was insufficient to cancel the policy. Nor are we able to ascertain what arguments were advanced by the complainant to persuade the chancellor to rule that the notice of cancellation was ineffective.

It does not suffice, however, for the defendant to say that the authority of the Buttrill Agency was not questioned at the hearing.

---

[1] "16. *Cancelation:* . . . This policy may be canceled by the company by mailing to the insured named in Item 1 of the declarations at the address shown in this policy written notice stating when not less than ten days thereafter such cancelation shall be effective. The mailing of notice as aforesaid shall be sufficient proof of notice . . . ."

[2] "§ 38.1-381.1 *Notices of cancellation of motor vehicle insurance policies.*—No written notice of cancellation sent by mail by an insurer to an insured in accordance with the provisions of a motor vehicle insurance policy shall be effective unless it is sent by registered or certified mail or unless at the time of the mailing of said notice, the insurer has obtained from the Post Office Department a written receipt showing the name and address of the insured and the insurer has retained a duplicate copy of said notice upon which is endorsed a certificate by the insurer that the duplicate copy is a copy of the notice which was sent to the insured in the mail for which said receipt was obtained."

The defendant, having interposed the cancellation of the policy as its sole defense, had the burden of proving the effective cancellation thereof. *Huff* v. *Columbia Ins. Co.*, 94 W. Va. 663, 119 S. E. 854, 857; 45 C. J. S., Insurance, § 461, p. 129. That burden required the defendant to prove what authority had been vested in the Buttrill Agency and that such authority included the power to cancel the complainant's insurance policy and to give effective notice of such cancellation. And it is not enough for the defendant merely to assert, as it does in its brief, that the Buttrill Agency was its general agent. If that was, in fact, the status of the Buttrill Agency, it was incumbent upon the defendant to show that status by competent evidence.

The determinative question then becomes, does the record show that the Buttrill Agency was the general agent of the defendant or that, in any event, the agent was clothed with the authority to cancel the policy and to give the notice upon which the defendant now relies?

With respect to the defendant's assertion that the Buttrill Agency was its general agent, the defendant relies upon an allegation in the complainant's bill. The allegation stated that the policy was issued by the defendant "through its duly constituted agent . . . Buttrill Insurance Agency, Inc." That allegation, however, did not amount to a concession by the complainant that the Buttrill Agency was the general agent of the defendant. It was merely a necessary assertion of the authority of the agent to issue the policy in the first instance, and nothing more.

The policy itself offers no assistance in determining the relationship between the defendant and the Buttrill Agency. The policy was countersigned by the Buttrill Agency as the "Authorized Representative" of the defendant. That term is nowhere defined nor does it appear elsewhere in the policy. No implication of the powers of the representative can be drawn from the bare use of the term so employed.

The only other information concerning the status of the agent came in the form of testimony by the Secretary-Treasurer of the Buttrill Agency. She was asked, "Is the Buttrill Insurance Agency *an agent* for National Union Fire Insurance Company, one of the respondents in this suit?" She replied, "Yes, sir." [Emphasis added.]

In a situation such as this, where the status and scope of authority

of an insurance agent are at issue, it is not sufficient for the insurance company to prove such status and authority merely by showing that one is "an agent" of the company. In the field of insurance, there are various kinds and classes of agents, such as general, special, local, resident, soliciting, recording, issuing, collecting, adjusting, etc. *Home Ben. Ins. Co.* v. *Unem. Comm.*, 181 Va. 811, 818, 27 S. E. 2d 159. The powers and authority of these different agents vary from class to class. 29 Am. Jur., Insurance, § 145, p. 545.

The record in this case supports the conclusion that the authority of the Buttrill Agency was limited to the issuance of insurance policies and the collection of premiums therefor. Such a power differs greatly from the power to cancel insurance policies and to give notice thereof. The two powers are separate and independent of each other. The authority to exercise one function does not carry with it the power to perform the other. *Insurance Company* v. *Dollins*, 201 Va. 73, 77, 109 S. E. 2d 405; *Pauley* v. *Sun Ins. Office*, 79 W. Va. 187, 90 S. E. 552, 553.

We decide, therefore, that it was not shown that the Buttrill Agency was the general agent of the defendant and as such clothed with the authority to cancel the complainant's policy. In reaching this conclusion, we distinguish this case from *Ampy* v. *Insurance Company*, 200 Va. 396, 105 S. E. 2d 839, upon which the defendant places great reliance. In that case, there was no question concerning the status of the general agent and "the uncontradicted evidence [was] that the general agent had the right to cancel the policy." 200 Va., at p. 402.

The record does not otherwise disclose any authority vested in the Buttrill Agency to cancel the complainant's policy. There was no evidence that the defendant directed the Buttrill Agency to cancel the specific policy here in question. How and why the Buttrill Agency happened to give the notice of cancellation to the complainant is wholly unexplained. So far as the record discloses, the Buttrill Agency's notice appears to have been nothing more than a voluntary, unilateral action on its part.

We do not overlook the rule, generally applied, "that an insurance agent authorized to accept risks, to agree upon and settle terms of insurance, and to carry them into effect by issuing and renewing policies, must be regarded as a general agent of the company." *N. N. M. Fire Ass'n* v. *Turlington*, 136 Va. 44, 51, 116 S. E. 363; *Traveler's Insurance Company* v. *Harvey*, 82 Va. 949, 956, 5 S. E.

553. However, that rule, as was said in the *Turlington* case, is applied when the "authority . . . is vested in agents with large power and not in agents with limited authority."

Here, the Buttrill Agency was not shown to be vested "with large power" but merely "with limited authority." That being true, it cannot be implied that the Buttrill Agency had the authority to cancel insurance policies and to give effective notice of such cancellation. In fact, the action of the defendant company itself in attempting, albeit unsuccessfully, to cancel the complainant's policy negates the inference that it had vested the Buttrill Agency with such authority.

For the reasons assigned, we are of opinion that the decree of the chancellor was correct and it will, accordingly, be

*Affirmed.*