# Richmond

RALPH GREGORY v. PROVIDENCE WASHINGTON INSURANCE COMPANY.

August 30, 1973.

Record No. 8158.

Present, All the Justices.

*W. V. Rennie* (*William F. Binford, Jr.*, on brief), for plaintiff in error.

*Lanier Thurmond* (*Thurmond, Beaver & Bostwick*, on brief), for defendant in error.

Per Curiam.

The sole issue involved here is whether or not the Providence Washington Insurance Company (Company), in attempting to cancel a policy of automobile liability insurance it issued to James Edward Goode, complied with Code § 38.1-381.1 which provides as follows:

> "No written notice of cancellation sent by mail by an insurer to an insured in accordance with the provisions of a motor vehicle insurance policy shall be effective unless it is sent by registered or certified mail or unless at the time of the mailing of said notice, the insurer has obtained from the Post Office Department a written receipt showing the name and address of the insured and the insurer has retained a duplicate copy of said notice upon which is endorsed a certificate by the insurer that the duplicate copy is a copy of the notice which was sent to the insured in the mail for which said receipt was obtained."

The policy was written through the Company's general agent, Atlas Underwriters, Ltd., and covered Goode's Pontiac automobile for one year, effective May 2, 1968. On August 24, 1968 this vehicle, while being operated by Goode, was involved in an accident resulting in personal injuries to Ralph Gregory, appellant. Gregory recovered a judgment against Goode in the amount of $10,000 and thereafter instituted this action against the Company to enforce collection. The Company defended on the ground that the policy issued Goode on May 2, 1968 was effectively cancelled on July 26, 1968. The trial court agreed, and we granted Gregory a writ of error.

The evidence is not in conflict. Goode failed to pay an additional premium due on the policy and the Company, through Atlas, sought to cancel. Mrs. Betty Oliver, underwriter for Atlas, was charged with handling all automobile cancellations. She testified that the notice of cancellation to be mailed Goode was typewritten and that she, following her "normal procedure", gave the notice to E. M. Boltz, another employee of Atlas, to take to the post office and to obtain a receipt for its mailing. Mrs. Oliver said that while she signed and put the notice in the envelope, she did not seal it in order that the post office authorities could inspect it if they wished.

Boltz testified that he took the notice of cancellation addressed to Goode to the post office and had the stamp "put on by the Postmaster and brought it [certificate of mailing] back to Mrs. Oliver, who in turn attached it to the Notice of Cancellation copy".[1] On this copy is attached the Post Office Department certificate of mailing on July 15, 1968, and a further certificate in the following words and figures:

"I, B. Oliver, hereby certify
that on the 15 day of July, 1968,
I personally mailed in the U. S. Post Office at
RICHMOND, VIRGINIA
a note of cancellation, an exact carbon copy of which
appears above, and at said time received from the U. S.
Post Office the receipt (Form 3817) hereto attached.
Signed at RICHMOND, VIRGINIA
This 15 day of July 1968.

Signature                                    "

---

[1] The record is silent as to what happened to the original of the notice of cancellation allegedly mailed Goode.

Neither Mrs. Oliver nor any other representative of the Company or its agent, Atlas, endorsed the certificate.

Code § 38.1-381.1 becomes a part of an insurance policy contract by virtue of its language and a party seeking to cancel a policy has to comply strictly with its provisions. *Ampy* v. *Metropolitan Cas. Ins. Co.*, 200 Va. 396, 105 S. E. 2d 839 (1958); *Harleysville Mut. Ins. Co.* v. *Dollins*, 201 Va. 73, 109 S. E. 2d 405 (1959).

The cancellation of an automobile liability insurance policy is a matter of importance, not only to the insured thereunder but to third parties whose rights are affected thereby. Notice of such cancellation by an insurer may be sent the insured by mail in accordance with the provisions of the policy. However, Code § 38.1-381.1 provides clearly and explicitly that no such written notice of cancellation shall be effective unless the notice is sent by

(1) registered mail,
(2) certified mail, or
(3) "unless at the time of the mailing of said notice, the insurer has obtained from the Post Office Department a written receipt showing the name and address of the insured *and* the insurer has retained a duplicate copy of said notice *upon which is endorsed a certificate by the insurer* that the duplicate copy is a copy of the notice which was sent to the insured in the mail for which said receipt was obtained." (Italics supplied.)

Here the insurer did not give notice by registered or certified mail. It relied upon sending the notice of cancellation by ordinary mail. While it obtained from the post office the written receipt required by § 38.1-381.1 there is no endorsement or certification by the insurer on its duplicate copy of the notice that such copy is in fact a copy of the notice sent the insured. An unsigned or blank certificate does not comply with the statute.

The Company having interposed and relied upon the cancellation of the policy as its defense had the burden of proving the effective cancellation thereof. *National Union Fire Insurance Company* v. *Dixon*, 206 Va. 568, 145 S. E. 2d 187 (1965). It failed to carry that burden.

*Reversed and final judgment.*