Moncure, P.,
delivered the opinion of the court.
This is a motion to require the appellant to give bond with security in a larger penalty than two hundred dollars, the penalty of the appeal bond required to be given by the judge who granted the appeal in this case. The appeal is from a decree dissolving an injunction to a sale of land under a deed of trust, and dismissing the bill. The appellant is in possession of the land, enjoying the issues and profits thereof, pending the appeal. The appellees contend that the land is not of sufficient value to satisfy the debt for which it is bound to them; and’that the penalty of the ■appeal bond ought therefore to be large enough to cover the amount of the said issues and profits in addition to the amount of damages, costs and fees intended to be covered by the said penalty of two hundred dollars.
*186 The question we now have to solve is not what th& law ought to be, but what it actually is. The former- ' question is addressed to the legislature, the latter to the courts. If we were a legislature, we might and probably would consider it very reasonable and proper that in such a case as this the penalty of the appeal bond should be large enough for the purpose aforesaid, and that the condition of the bond should plainly provide to that effect; and we might and probably would make or amend the law accordingly. But as we are a court, and not a legislature, the enquiry we have to solve simply is, what is the law as it now stands, not what it ought to be.
The law which we now have to construe is the 13th section of chapter 178 of the Code of 1873, page 1139,. which is in these words:
“ 13. Except where an appeal, writ of error, or supersedeas, is proper to protect the estate of a decedent, convict, or insane person, the same shall not take effect until bond is given by the appellants or petitioners, or one of them, or some other person, in a penalty to be-fixed by the court or judge by or in which the appeal, writ of error, or supersedeas, is allowed or entered,, with condition, if a supersedeas be awarded, to perform and satisfy the judgment, decree or order, or the part thereof proceedings on which are stayed, in case the; said judgment, decree or order, or such part, be affirmed, or the appeal, writ of error, or supersedeas, be dismissed; and also to pay all damages, costs and fees which may be awarded against or incurred by the appellants or petitioners; and if it be an appeal from an order dissolving an injuetion or dismissing a bill of injunction, with a further condition to indemnify and save harmless the surety in the injunction bond against, all loss or damage in consequence of his suretyship;. *187 and with condition, when no supersedeas is awarded, to pay such specific damages and such costs and fees as may be awarded or incurred.”
This is the only law which requires the execution of an appeal bond and makes provision in regard to the amount of the penalty and terms of the condition of the bond. That portion of it which involves the question we are now considering is in these words: “with condition, if a supersedeas be awarded, to perform and satisfy the judgment, decree or order, or the part thereof proceedings on which are stayed, in case the said judgment, decree or order, or such part thereof, be affirmed, or the appeal, writ of error or supersedeas be dismissed; and also to pay all damages, costs and fees which may be awarded against or incurred by the appellants or petitioners.”
How if the damages which may arise from a loss of issues and profits of the .land in controversy while in possession of the appellant pending the appeal as aforesaid, are provided for by the terms of the condition of the appeal bond prescribed by the said law, it must be because they are included in the word “ damages,” in that part of the law which is as follows: “And also to pay all damages, costs and fees which may be awarded against or incurred by the appellants or petitioners.”
Are they so included ? What is the meaning of the word “ damages ” in that connection ?
Plainly, we think its. meaning is defined by a succeeding section of the same chapter, page 1142 of the Code, which is in these words :
“24. When any judgment, decree, or order is affirmed, damages shall be awarded to the appellee; such damages, when the judgment, decree or order is for the payment of money, shall be the interest to which the parties are legally entitled in the cause (to *188 be computed upon the whole amount of the recovery, including interest and costs), from the time the appeal, writ of error or supersedeas took effect, until the affirmance, or if the affirmance be by the coui’t of appeals, until a copy of its decision is entered in the order book of the court below, which damages shall be in satisfaction of all interest during that time. When the judgment, decree or order is not for the payment of any money, except costs, the damages shall be such specific- sum as the appellate court may deem reasonable, not being more than one hundred dollars, nor in the court of appeals less than thirty dollars.”
In consti’uing the words, “ and also to pay all damages, costs, and fees which may be awarded against.or incurred by the appellants or petitioners,” we must apply the rule, “redendo singula singulis,” and refer the word “ awarded ” to the words “ damages ” and “ costs,” and the word “incurred” to the word “fees.” So as to make the meaning of the sentence the same as if it had been thus written: “And also to pay all damages and costs which may be awarded against, and all fees incurred by the appellants and petitioners.”
In that form of expression the meaning of the word “damages” in the 13th section seems to be-perfectly plain, especially when we take that section in connection with the 24th of'the same chapter; which declares that when any judgment &c. is affirmed, damages shall be awarded to the appellee; such damages to be a certain percentage on the recovery, if of money, or a .specific sum, if the recovery be not of money except costs.
That the words “incurred by,” in the 13th section, refers, and is confined to, the word “fees” therein, appears from the act passed February 15, 1844, acts of •assembly 1843 ’44, page 46, chap. 54, § 3, which enacts *189 “that the securities to all appeal and supersedeas bonds in the said court of appeals shall be liable to the clerks for all fees which shall be incurred by the appellant or plaintiff in any appeal or supersedeas.” This is the first law which made the appeal bond cover fees incurred by the appellant to the clerk. These fees never were, nor ever are, awarded against the appellant, though incurred by him. Damages and costs recovered by the appellee on the affirmance of a judgment or decree always have been and are awarded against the appellant.
That the revisors did not intend to make any material change of the law by the sections aforesaid which they embodied in the Code of 1849 is manifest. Such is the presumption of law in the absence of any decided evidence to the contrary. They made in their report no note of any intention to make such change. They refer in the margin of their report, opposite to sections 18 and 24 of chapter 182, on pages 888 and 891, to the old laws revised by them, which seem to have been substantially the same as the new, except that the latter is much more condensed than the former.
The word “incurred” is used, and properly so, in section 10 of chapter 175 of the Code, page 1128, which directs that where an injunction is to proceedings on a judgment or decree, the condition of the injunction bond shall be to pay such judgment or decree, “ and all such costs as may be awarded against the party obtaining the injunction, and all such damages as shall be incurred in case the injunction be dissolved.” The costs here referred to are “awarded” by the court of chancery in the injunction suit, and against the plaintiff therein; but there is no award' in that suit of any damages incurred in case the injunction should be dissolved. The damages referred *190 to in the section by the words “all such damages as shall be incurred in case the injunction be dissolved,” ' are the damages provided for by section 12, on the same page, which enacts, that “where an injunction to stay proceedings on a judgment or decree for money is dissolved, wholly or in part, there shall be paid to the party having such judgment or decree, damages at the rate of ten per centum per annum,” &c. These damages may properly be said to be “incurred in case the injunction be dissolved;” for, in that event, they are directed to be included in the execution afterwards to be issued on the judgment or decree, and may be recovered of the surety in the injunction bond by a suit thereon. There is therefore no conflict between the law in regard to injunction bonds and the construction we have placed on the law in régard to appeal bonds.
Of course, as the appeal in this case is from a decree dissolving an injunction and dismissing a bill of injunction, the bond should be with a further condition to indemnify and save harmless the surety in the injunction bond against all loss or damage in consequence of his suretyship. Therefore the penalty of the appeal or supersedeas bond ought to be not less than the penalty of the injunction bond, which it appears was $500. The appellant ought to be required to execute a new bond in the penalty of $700, with condition as the law directs, in a case in which, a supersedeas is awarded, and in which the appeal is from an order or decree dissolving an inj unction or dismissing a bill of injunction. See Code, p. 1139, § 13. And the same •is ordered accordingly.
We have not in the foregoing opinion, referred to •the cases cited by the counsel in the argument, be-cause they seem to depend upon the statutes and rules *191 of practice of other states and of the United States, which do not apply to this state; the law of which is sufficiently plain without seeking for aid from those sources.
We have prepared an order to be entered in conformity to the foregoing opinion.
Staples, J.
I am not prepared to concur in the •opinion just delivered, nor to express any dissent therefrom. There may be cases in which the language of the statute would require a more extended construction than that given by the opinion of the president. For example, in an action of ejectment by the owner for the recovery of real estate, and a judgment in his favor. If the plaintiff is kept out of possession for three or four years by an appeal to this court, and the judgment is affirmed, I am not prepared to say there is no remedy upon the appeal bond for the recovery of the rents and profits between the date of the judgment and the affirmance. Other cases may be readily suggested. I prefer to wait, and to decide each case as it arises; especially as there may be actions on appeal bonds in which these questions will be distinctly presented.
The order was for a new bond in a sufficient amount to secure the surety in the injunction bond, as well as the costs and damages, but not the rents and profits of the land.