### HOPKINS *et al. v.* WATTS *et al.*

FISH, C. J. 1. Prior to the abolition of the inferior courts, a constable, before entering on the duties of his office, was required to take and subscribe, besides the oath for all civil officers, a prescribed oath before the clerk of the inferior court of his county. Code of 1863, § 443. All constables, except those appointed to answer a sudden emergency, were required to give a bond payable to the justices of the inferior court of the county and their successors, to be approved by such justices, which bond was to be filed and recorded by the clerk of that court. *Ib.* § 445. When the inferior court was abolished by the constitution of 1868

(Code of 1873, § 5126) many of the duties and powers of the inferior courts and its justices were conferred upon the court of ordinary and ordinary. The provision contained in previous codes in regard to constables' bonds, as above stated, was so altered that, instead of requiring them to be payable to the justices of the inferior court and to be approved by them, such bonds were required thereafter to be payable to the ordinary and to be approved by him. Code of 1873, § 473.

2. By the act of December 3, 1880 (Acts 1880-1, p. 508), a Board of Commissioners of Roads and Revenues for Fulton county was established. By the act of September 29, 1881 (Acts 1880-1, p. 546), additional powers were conferred upon such commissioners. It was declared that they were "authorized and empowered to exercise all the powers that could lawfully be exercised by the inferior court when sitting for county purposes, or by the justices thereof, at the time of the abolishment of the inferior court, except as to the proceedings and records in cases of lunacy."

3. Since the passage of the last-mentioned acts, a constable's bond which was payable to the Commissioners of Roads and Revenues of Fulton county (who were named and described by their official title) and their successors in office, was made to the proper payees, and did not stand as a mere voluntary or common-law bond on the ground that it should have been made payable to the ordinary, but was binding on the constable and his sureties as an official bond on which an action would lie.

4. Such bond was not subject to suit by the persons named in it, in their individual capacity, for the use of the person injured by its breach. Accordingly, where a person who claimed to have been injured by reason of a breach of the bond by misconduct of the constable brought suit on such bond in her own name, and subsequently amended the petition by striking her name as plaintiff and naming the persons mentioned in the bond as suing in their individual capacity for her use, there could be no recovery in such an action.

5. Inasmuch as the plaintiffs in the suit as amended had no right of action on the bond, the judge erred in overruling the demurrer interposed by the defendants to the petition; and this being so, all that occurred thereafter in the trial went for naught, and it is unnecessary to deal with the specific rulings made in the progress of the trial.

*Judgment reversed. All the Justices concur.*
FEBRUARY 19, 1914.

Action upon constable's bond. Before Judge Bell. Fulton superior court. April 18, 1912.

*Gober & Jackson* and *Morris Macks,* for plaintiffs in error.
*Tindall & Silverman,* contra.