28570. NESBIT *v.* NATIONAL SURETY CORPORATION.

DECIDED NOVEMBER 9, 1940.

*Carl N. Davie, Alex. McLennan,* for plaintiff.
*Charles G. Bruce,* for defendant.

FELTON, J. Mrs. R. C. Nesbit sued the National Surety Corporation on a bond executed by G. C. Adams as principal, and the defendant as surety. The petitioner alleged that G. C. Adams was a public officer, a deputy and a liquidating agent for the superintendent of banks of Georgia in the liquidation of the Milton County Bank of Alpharetta; that he had breached the bond sued on; and that the bond was for the sum of $10,000, and was conditioned as provided by sections 13-813 and 89-418 of the Code of Georgia. Demurrers filed by the defendant were sustained, and the action was dismissed, to which judgment the plaintiff excepted.

One of the grounds of demurrer was that the plaintiff could not sue on the bond in her own name, for the reason that G. C. Adams was not a public officer, and that the bond was given to protect the superintendent of banks. This is the only question it is necessary to consider. The Code provides: "Suits on bonds taken from public officers may be brought by any person aggrieved by the official misconduct of the officer, in his own name, in any court having jurisdiction thereof, without an order for that purpose." § 89-420. "Any person who claims damages of any principal officer for the act of his deputy, may at his option sue on said deputy's bond instead of on that of the principal, in the same manner as suit may be brought on the principal's bond." § 89-427. "The superintendent of banks, the assistant superintendent, and the examiners shall be liable on their official bonds to any person, firm, or corporation injured on account of the failure of the superintendent, the assistant superintendent, or any examiner, to faithfully discharge the duties of his office. Suit may be brought thereon in any court of competent jurisdiction in the name of the State for

the use of the injured party." § 13-321. Section 89-420 applies solely to principal public officers, and does not apply to agents or deputies. Section 89-427 specifically provides for actions on the bonds of deputies and section 13-321 provides for suits by an injured person on the bonds of the superintendent of banks, the assistant superintendent, and the examiners. Unless the suit in this case is authorized by one of these sections, the judgment dismissing the action was proper. It is obvious that the suit is not maintainable under section 13-321, because it does not include the bond of a special agent or liquidating agent.

The only other question is whether a liquidating agent for a particular bank is a deputy of the superintendent of banks. We do not think so. It is not necessary to decide whether the assistant superintendent and examiners are deputies or not, because an action on their bonds, which are payable to the State and not to the superintendent of banks, is specifically authorized by the Code. It might be well to mention here the fact that the oaths required of the assistant superintendent and examiners are the same as that of the superintendent of banks. It was held in *Deariso* v. *Mobley,* 38 *Ga. App.* 313 (143 S. E. 915), that the superintendent of banks did not have authority to appoint an agent to generally supervise the liquidation of all banks becoming insolvent during the tenure of office of such agent, and that the attempt to do so amounted only to the appointment of the agent as liquidating agent for such banks as were in the hands of the superintendent of banks at the time the agent was appointed. It was expressly held in that case that a liquidating agent for a particular bank or particular banks was not a deputy but an agent. Section 13-811 does not authorize the appointment of a deputy, because the duties of the agent apply only to particular banks; and hence the authority of the agent can not be commensurate with that of the principal officer. *Ballard* v. *Orr,* 105 *Ga.* 191, 195 (31 S. E. 554). Other factors point to the conclusion that the liquidating agent is not a public officer. He is not unqualifiedly required to give a bond. Whether he shall give a bond or not is within the discretion of the superintendent of banks. He is required to take no oath. His "security" is not required to be payable to the State. Our conclusion is that since a liquidating agent is not a public officer if he is not one by virtue of being constituted a deputy, and since he is not a deputy, and

since there is no authority for a suit on his bond other than by the obligee named therein, this suit is not maintainable against the surety. The bond contemplates solely a protection to the superintendent of banks such as was contemplated to the City of Griffin in *Alexander* v. *Ison,* 107 *Ga.* 745 (33 S. E. 657). The reasoning in that decision is here applicable. A liquidating agent owes no duty to the public at large, but holds an assignment relating to limited and prescribed duties. The court did not err in sustaining the demurrer and in dismissing the action.

*Judgment affirmed. Stephens, P. J., and Sutton, J., concur.*