STATE OF WEST VIRGINIA, *ex rel*. SHENANDOAH VALLEY NATIONAL BANK, *a Corporation v*. W. FRED HIETT AND AETNA CASUALTY & SURETY COMPANY, *a Corporation*

(CC 694)

Submitted January 10, 1945. Decided January 30, 1945.

382

*Martin & Seibert,* for plaintiff.
*Hugh S. Byrer,* for defendants.

ROSE, JUDGE:

In the circuit court of Berkeley County the State of West Virginia, upon the relation of Shenandoah Valley National Bank, instituted a proceeding by way of notice of motion for judgment for $1500.00 against W. Fred Hiett and Aetna Casualty & Surety Company, a corporation, upon a supersedeas bond given pursuant to an appeal and supersedeas awarded by this Court in that amount. Hiett was not served with process and the proceeding abated and was dismissed as to him. The surety company filed a demurrer to the notice, assigning fourteen grounds in support thereof. The court sustained the demurrer and certified to this Court the question: "Does the notice of motion for judgment filed herein state a good cause of action by the plaintiff against the defendants?"

The notice of motion for judgment embodies a chronological recital of the background and circumstances preceding the execution of the bond and the subsequent proceedings on the appeal, as well as the circumstances and facts *dehors* the record which the movant treats as constituting the damages sought to be recovered.

It appears from the notice that the bank instituted in the circuit court of Berkeley County two chancery causes,

subsequently consolidated, based on judgments recovered by said bank, in the State of Virginia the amounts of which are not stated, against W. Fred Hiett and Effie M. Hiett, and that in these causes attachments were issued against property of the Hietts in this state on the ground of nonresidency. These attachments were levied upon lands of W. Fred Hiett situate in that county. A default decree was entered on the 18th day of May, 1938, directing the sale of the lands attached and appointing a special commissioner for that purpose. A copy of this decree was served on the defendant W. Fred Hiett on the 16th day of June, 1938, in Berkeley County. On the 15th day of October, 1938, the lands were sold by the special commissioner and purchased by the bank for a price not stated in the notice. This sale was confirmed by the court by a decree entered on the 29th day of November, 1938, by which decree a deed was directed to be made to the bank as such purchaser and distribution of the purchase money directed, which distribution of proceeds appears to have been made immediately and the deed executed accordingly. On the 30th day of November, 1938, the bank conveyed the land, for the sum of $11,000.00, to one T. A. Cather. On the 6th day of December, 1938, W. Fred Hiett appeared, as by Code, 38-7-43, authorized, and moved to quash the attachment. This motion was overruled by the court on the 23d day of December, 1938, and, on the 16th day of January, 1939, this Court granted unto Hiett an appeal and supersedeas in the consolidated causes, requiring a bond in the penalty of $1,000.00, which was executed February 24, 1939. Subsequently, on motion of the bank in this Court, said Hiett was required to enter into an additional supersedeas bond in the sum of $1500.00, which was executed and filed in the office of the clerk of this Court on the 29th day of April, 1939.

Upon execution of the first bond, Cather, the purchaser from the bank, being refused possession of the land by Hiett, made demand upon the bank for the return of his purchase money. With this demand the bank complied

and the land was reconveyed by Cather to the bank at that time.

On the 3d day of October, 1939, this Court affirmed the decree of the trial chancellor, and on the 7th day of December, 1939, the sheriff of Berkeley County dispossessed Hiett and delivered possession of the real estate to the bank. On the 27th day of December, 1939, the bank, for the sum of $9,500.00, again sold the land to said Cather.

The bank, in its motion for judgment, claims to have sustained damages covered by the supersedeas bond aggregating the amount of $3,169.97, composed of various items as follows: $1,500.00 lost upon the resale by reason of depreciation of the value of the land and damage thereto during the time Hiett continued to have possession; the sums of $98.79 and $74.63 for labor on the land, the dates and purposes of which are not stated; $5.25 for "labor to resale of property"; $500.00 fee and $204.22 expenses to the bank's attorneys in connection with the appeal in this Court; $672.81 for loss of interest on the original selling price of $11,000.00 from the date of sale to the date of resale; $15.84 as expenses of the bank's agent in making trips to Martinsburg in connection with the motion for additional bond; $46.68 for taxes paid by the bank on the land during the pendency of the suit in this Court; $36.00 fire insurance on the buildings on said land during the same interval; $11.00 for stamps on the first deed to Cather; $1.75 for cost of recording this deed; $1.25 for recording a deed of trust from Cather on the original sale; and $1.75 for recording the deed from Cather to the bank.

By its demurrer the surety company contends, *inter alia,* that the recovery sought, being "damages", cannot be recovered upon a motion for judgment, which is designed only for the recovery of money arising out of contract; that the items, and each of them, constitute unliquidated damages, and for this reason also are not recoverable upon a motion for judgment; that it does not appear that the items sought to be recovered, or any of them, are the proximate result of the issuance of the supersedeas, and that the supersedeas bond does not cover damages of any

character except those which may be awarded by the appellate court in the appeal itself, whereas each item sought to be recovered is clearly, if damages at all, outside the case in which the bond was given and its record.

The court below, as appears from the opinion made a part of the record in the present case, sustained the demurrer solely upon the ground last mentioned. We, accordingly, give our attention first to that question, since if the court is correct in that position, the other questions become immaterial.

The statutory provisions relating to supersedeas bonds are found in sections 14 and 27, article 5, chapter 58 of the Code, which are as follows:

"14. Except when an appeal, writ of error or supersedeas is proper to protect the estate of a decedent, convict or insane person, the same shall not take effect until bond is given by the appellants or petitioners, or one of them, or some other person, * * * with condition: If a supersedeas be awarded, to perform and satisfy the judgment, decree or order, or any part thereof, proceedings on which are stayed, in case such judgment, decree or order, or such part, be affirmed, or the appeal, writ of error or supersedeas be dismissed, and also, to pay all damages, costs and fees, which may be awarded against or incurred by the appellant or petitioners; * * *".

"27. When any judgment, decree or order is affirmed in the supreme court of appeals, damages shall be awarded to the appellee. Such damages, when the judgment, decree or order is for the payment of money, shall be at the rate of six per cent per annum on the whole amount of the recovery, including interest and costs, from the time the appeal took effect until the decision of the supreme court of appeals is entered in the order book of the court below; which damages shall be in satisfaction of all interest during that time. When the judgment, decree or order is not for the payment of any money, except costs, the damages shall be such specific sum as the supreme court of appeals may deem reasonable, not being more than one hundred dollars."

We cannot but notice the extreme indefiniteness of the term "damages" as used in section 14. The language does not specify by whom such damages shall be sustained nor to whom they shall be "awarded", nor how they shall be sustained, nor how, nor in what kind of proceeding, they shall be determined. Particularly significant is the fact that the statute does not expressly provide for damages resulting from the issuance of the writ, nor from the stay resulting therefrom, as in the case of stay bonds (Code, 58-5-5) and injunction bonds (Code, 53-5-9). But there is a type of "damages" which is recognized by courts as arising from the mere failure to obtain a reversal by a reviewing court, as a sort of mulct for the prosecution of vexatious litigation. These damages have long been "awarded" by the Supreme Court of Virginia and by this Court as a matter of course. The awarding of damages of this character, where the decree or judgment of the trial court has been superseded, is mandatorily required by section 27, and these are the only damages which any statute expressly authorizes to be awarded upon affirmance in a case where a supersedeas bond has been given. The express authorization of this recovery, and no other, gives rise to a strong implication that no other was contemplated. *Expressio unius est exclusio alterius.*

The legislative history of these two sections of the code, which have always been found together, is instructive. These sections had their origin in the Virginia Code of 1849. Section 13, chapter 182 of that code required a supersedeas bond to be conditioned for the payment of "* * * all damages, costs and fees, which may be awarded against or incurred by the appellants or petitioners, * * *"; and section 24 of that chapter provided that "When the judgment, decree or order is not for the payment of any money except costs, the damages shall be such specific sum as the appellate court may deem reasonable, not being more than one hundred dollars, nor, in the court of appeals, less than thirty dollars." The provisions of the Virginia Code of 1849, therefore, contain precisely the material provisions of our present code, except that a minimum of

thirty dollars damages was there fixed. Chapter 182, sections 21 and 35 of the Virginia Code of 1860, carried verbatim the above quoted provisions of the Code of 1849. By the West Virginia Constitution of 1863, article 11, section 8, the laws of the State of Virginia then in force within the boundaries of the State of West Virginia were adopted in this state. By the West Virginia Code of 1868, chapter 135, section 3, this statute was amended to read as follows:

> "The party so appealing shall, if he desire a stay of éxecution in the case, file with the clerk of the court in which the judgment, decree, or order appealed from is, an undertaking signed by himself, or some person for him, with one or more good securities, to the effect that if the judgment, decree, or order appealed from is affirmed, such party will abide by and perform the judgment, decree, or order of affirmance, and will *pay to the opposite party and to any person injured all such costs and damages as they, or either of them, may incur or sustain by reason of said appeal. * * *"*. (Emphasis ours.)

The statute, as thus amended, protected not only the appellee, but also any person injured, and directly covered all costs, fees and damages which they, or either of them, might incur or sustain by *reason of said appeal.* This was a very marked broadening of the bond and unquestionably covered damages wholly outside the appealed case. The very fact that such an amendment was made is some indication of a legislative judgment that damages covered by the amendment were not covered by the bond formerly required. It is also noteworthy that the State of Virginia, after the creation of the State of West Virginia, similarly amended to much the same effect its statute covering supersedeas bonds. Why these amendments in the two states if the original statute included the very matter the amendments brought in?

But this is not all. By section 14 of chapter 16 of the Acts of the Legislature of West Virginia, 1872-3, the statute

relating to bonds upon appeal was again amended so as to eliminate the amendment of 1868, and to restore verbatim the original condition of a supersedeas bond. And thus the statute stands to this day. Can we overlook the fact that, by the amendment of 1872-3, the express provision of the statute then in force, which clearly and distinctly covered damages outside the appealed case, was eliminated? This statute has, for seventy-two years, remained in this exact form, and no case has ever been in this Court in which an attempt was made to recover damages on a supersedeas bond. Is it conceivable that the stay occasioned by a writ of supersedeas has never occasioned any damage to the opposite party? Can we assume that such damages have been always agreed upon and paid by the obligors on the supersedeas bond, thus obviating action thereon? Can we conceive that actions may have been brought for such purpose, but that the judgment of the trial court has always been satisfactory to the obligors on the bond? Of course, the fact that for this long period no such action has been brought into this Court cannot be considered as controlling on the construction of the statute, but it does have strong significance.

Section 27, article 5, chapter 58 of the Code distinctly provides what damages may be awarded upon the affirmance of a judgment or decree for the payment of money, fixing the same at the rate of "* * * six per cent per annum on the whole amount of the recovery, including interest and costs, from the time the appeal took effect until the decision of the supreme court of appeals is entered in the order book of the court below. * * *". This is the whole damage that can be awarded in the case on a supersedeas bond given upon an appeal from a money judgment or decree. Thus, in the case of a money decree or judgment, a supersedeas bond covers only very limited damages. In the case of a judgment or decree, not for the payment of money, the statute is not more narrow. The supersedeas bond must be conditioned for the performance of the decree appealed from. This may, in many cases, be highly important, as where a decree may provide for the

delivery of possession of property, real or personal, the enforcement of which may require costs and expenses. Even in the present case it is conceivable that some expenses or costs in the suit itself may have been incurred in obtaining possession of the land involved, and, whether such costs and expenses are small or great, they would be covered by the provision of the supersedeas bond requiring the performance of the decree below. But no such costs or expenses are sued for here.

It is urged, however, that while the construction of the statute in question does adequately protect an appellee or defendant in error, by the simple award of damages equal to interest, and thus ordinarily makes him whole, the same is not true where the decree relates to the title or possession of property, personal or real, of which he is deprived by the supersedeas during the pendency of the appeal or writ of error. The law, however, does not leave the appellee or defendant in error without remedy. This Court, at an early date, repeatedly called attention to the fact that if there is danger of loss or damage to property, or of the dissipation of rents and profits during the period the supersedeas is in effect, a receiver may be appointed to protect the interests of whose who may be thus injured. *Beard* v. *Arbuckle,* 19 W. Va. 135; *Perry* v. *Horn,* 21 W. Va. 732; *Hutton* v. *Lockridge,* 27 W. Va. 428.

In the case of *State ex rel. Citizen's National Bank* v. *Graham,* 68 W. Va. 1, 69 S. E. 301, this Court had under consideration the proper coverage of an injunction bond, and it was contended by the obligors that the injunction was unnecessary for the reason that the supersedeas bond would have covered the damages sought to be protected by the injunction. Judge Brannon, in the opinion, said: "The point is made that the appeal bond will cover these damages. Not so. The damages covered by an appeal bond are those awarded by the appellate court under Code 1906, ch. 135, sec. 10.", being the same section of the statute that we here have under consideration.

In two cases from Virginia the conclusion at which we have arrived is directly indicated. In *Cardwell* v. *Allen,*

*Trustee*, 28 Gratt. 184, the Court had under consideration a motion to require a supersedeas bond in such an amount as would protect an appellee against loss of rents and profits pending the appeal. Judge Moncure held that these items were not covered by a supersedeas bond, but that, since the appeal and supersedeas awarded went to an order dissolving an injunction, the supersedeas bond should be increased in an amount equal to the injunction bond below. This decision was reached expressly from the premise that the "damages" covered by the supersedeas bond as then required by the statute (which was then precisely like ours now is) included only such as would be awarded by the appellate court in affirmance under section 24 of the Virginia Code (which in turn is exactly the same as our present section 27). The opinion clearly shows that the Court's conclusion proceeded, not from the fact that the specific question there related to rents and profits, but because the damages covered by a supersedeas bond were expressly limited by statute to those "awarded" in the appealed case.

This may be said to be a very narrow construction of the statute; but the statute distinctly enlarges the common law requirements for making a writ of supersedeas effective and must be strictly construed. And the statute is, in fact, very narrow in all its express provisions. We may observe, as Judge Moncure said in *Cardwell* v. *Allen, supra,* in discussing this identical statute:

> "The question we now have to solve is not what the law ought to be, but what it actually is. The former question is addressed to the legislature, the latter to the courts. If we were a legislature, we might and probably would consider it very reasonable and proper that in such a case as this the penalty of the appeal bond should be large enough for the purpose aforesaid, and that the condition of the bond should plainly provide to that effect; and we might and probably would make or amend the law accordingly. But as we are a court, and not a legislature, the enquiry we have to solve simply is, what is the law as it now stands, not what it ought to be."

Subsequently this statute in Virginia was amended so as to provide that the supersedeas bond should also cover "all actual damages incurred *in consequence of the supersedeas*". Thereafter, in the case of *Bemiss* v. *Commonwealth*, 113 Va. 489, 75 S. E. 115, the Court, in an opinion by Keith, P., while conceding that, under *Cardwell* v. *Allen, supra,* rents and profits would not be covered by the supersedeas bond, held that, by reason of this amendment, such matters later came within the provision of the statute; thus approving the older decision which limited damages to those which are specifically directed to be awarded by the court upon reversal.

. Nor may we inquire as to what led to the court's order requiring the additional bond, nor as to the appellee's purpose in asking therefor. No such matter was pleaded or was otherwise before the court. The bond was conditioned as required by law. The court had no authority to prescribe or require additional conditions. There is no suggestion that the court attempted or purported so to do. If the bond was unnecessary or was in too large a penalty, this does not change its condition or coverage. The protection anticipated by those asking for the bond does not enlarge the liability of the obligors on a statutory bond actually required and executed. We cannot go behind the order requiring a statutory bond to inquire into the matters considered by the court in requiring it to be given for the purpose of defining its coverage. *A fortiori* the surety on such a bond is not to have its liability enlarged by such considerations.

We answer the question certified in the negative, thus affirming the action of the trial court in sustaining the demurrer to the notice of motion for judgment.

*Affirmed.*