34604. TALMADGE, Governor, for use, v. GENERAL CASUALTY COMPANY OF AMERICA.

TOWNSEND, J. 1.(a) "It is the general rule that, where a bond is executed under the authority of a public statute then in force, it will be presumed that the intention of the parties was to execute such bond as the law requires, in the absence of anything appearing to show a different purpose and intent; that such statute constitutes a part of the bond as if incorporated in it; and that, in construing the bond in connection with the statute, whatever is included in the bond which is not thereby required must be read out, and whatever is not expressed and ought to have been incorporated must be read in, so as to conform to the requirements of the law." *Collins* v. *U. S. F. & G. Co.*, 72 *Ga. App.* 875, 879 (35 S. E. 2d 474). See also *Hopkins* v. *Hartford Accident &c. Co.*, 87 *Ga. App.* 513 (74 S. E. 2d 494); Atlas Powder Co. *v.* Nelson and Chase & Gilbert Co., 124 W. Va. 298 (20 S. E. 2d 890); State ex rel. Shenandoah Valley Nat. Bank *v.* Hiett, 127 W. Va. 381 (32 S. E. 2d 869); State ex rel. Sanders *v.* Hartford Accident &c. Co., 235 Mo. App. 729 (143 S. W. 2d 483); Jaeger Mfg. Co. *v.* Massachusetts Bonding & Insurance Co., 229 Ia. 158 (294 N. W. 268); Branch *v.* Richmond Cold Storage, Inc., 146 Va. 680 (132 S. E. 848).

(*b*) Under the provisions of Code § 89-418, bonds of public officers are conditioned for the use and benefit of every person who is injured by the principal under color of office. But, as to statutory-penalty bonds which are not bonds of public officers, this provision does not apply, and a member of the public who is injured by the principal's failure to observe the conditions of the bond cannot sue the principal and sureties on such bond to collect damages for such wrongful act where the statute gives him no right to bring such action. *Alexander* v. *Ison,* 107 *Ga.* 745 (33 S. E. 657); *Nesbit* v. *National Surety Corp.,* 63 *Ga. App.* 518 (11 S. E. 2d 667); *Hopkins* v. *Hartford Accident &c. Co.,* supra.

2. Where one has no beneficial interest in the subject matter of a statutory bond, and no right to bring an action thereon in his own name, he is likewise precluded from bringing such action on the bond in the name of the public official named obligee therein, suing for his use. This is so because the named obligee has a right to sue on the bond only in his capacity as a public official. Such bond is not subject to suit by the named obligee therein, in an individual capacity, for the use of the person injured by its breach, there being no authority of law for such public officer to turn over the money so received to the individual damaged. *Hopkins* v. *Watts,* 141 *Ga.* 345 (4) (80 S. E. 1001). See also *Thrift Bros.* v. *Baker,* 144 *Ga.* 508 (87 S. E. 676); *American Surety Co.* v. *County of Bibb,* 162 *Ga.* 388, 392 (134 S. E. 100); *Hill* v. *Shaw,* 62 *Ga. App.* 757 (2) (9 S. E. 2d 850).

3. Code (Ann. Supp.) § 84-1409 provides in part that all licensed real-estate brokers "shall give bond in the sum of $1,000, acceptable to and to be approved by said Commission to abide by all laws enacted in reference to such brokers." The plaintiff usee here filed suit in the name of Talmadge, Governor of Georgia (the named obligee in the bond), against General Casualty Company of America, surety on the bond of Gordon McNabb, a real-estate broker, seeking damages for injuries resulting to him from the alleged failure of McNabb to observe certain laws enacted in reference to real-estate brokers. The bond, which is in the same phraseology as the bond discussed in *Hopkins* v. *Hartford Accident &c. Co.,* supra, recites that it is given in compliance with Code § 84-1420 [sic] of the Code of Georgia, Annotated of 1933 [Code, Ann. Supp., § 84-1409] as amended by the acts of the General Assembly of 1949; that "the condition of this obligation is such that, if the said Gordon J. McNabb shall comply with the provisions of the Act governing the licensing of real-estate brokers, then this obligation to be void; otherwise to remain in full force and effect." The bond contained the further non-statutory condition as follows: "this bond is to secure and save harmless all persons who may be injured or damaged by any wrongful act or default of said Gordon J. McNabb, real-estate broker, or his agents and employees."

The trial court did not err in disregarding the covenant of the bond last above quoted, as being an obligation not contemplated by the statute, and in sustaining general demurrers to the petition as amended, on the grounds that "no cause of action is alleged on the part of the plaintiff for the use of Walter H. Blake against this defendant," and

"the condition of the bond on which plaintiff relies is invalid and beyond the scope of the statute requiring such bond, and gives no cause of action to Walter H. Blake or anyone suing for [his] use."

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*

DECIDED MAY 1, 1953—REHEARING DENIED MAY 16, 1953.

*Johnson, Hatcher, Rhudy & Meyerson,* for plaintiff in error.
*A. Paul Cadenhead, Nall & Sterne,* contra.