**STATE OF MISSOURI, on the relation of Nina B. AUSTIN, Plaintiff,**

v.

**MARYLAND CASUALTY COMPANY, Defendant.**

**No. 10621.**

United States District Court
W. D. Missouri, W. D.

March 28, 1957.

Whitson Rogers, Kansas City, Mo., for plaintiff.

Kemp, Koontz, Clagett & Norquist, Thomas J. Wheatley, Kansas City, Mo., for defendant.

R. JASPER SMITH, District Judge.

This is an action by plaintiff to recover $25,000, the full penal sum of five dealer's bonds issued for the years 1945 through 1949, inclusive, to E. M. Knox and Company, principal, pursuant to the provisions of Section 409.140(3), V.A. M.S.1949. Upon each of the bonds the defendant Maryland Casualty Company appears as surety. Each bond binds both principal and surety to the people of the State of Missouri, and is conditioned solely upon the faithful compliance by the dealer-principal with the provisions of the Missouri Securities Law.

Plaintiff's amended petition alleges that one Faune T. Leask, securities dealer and partner in E. M. Knox and Company, obtained from plaintiff certain securities and cash by means of false statements and fraudulent pretenses and representations, and subsequently unlawfully and fraudulently converted them to

her own use. Plaintiff's theory of recovery is that the fraudulent and tortious conduct of Leask constitutes a violation, and thus, a non-compliance of the provisions of the Missouri Securities Law by the principal on the bonds, E. M. Knox and Company. In turn, plaintiff further claims that such non-compliance constitutes a breach of the conditions of the bonds which entitles plaintiff to recover from the surety the aggregate penal sum of the dealer's bonds.

Defendant moves to dismiss the action on the ground that the petition fails to state a claim upon which relief can be granted. It relies substantially upon two Missouri cases, both decided by the Kansas City Court of Appeals, State ex rel. Sanders v. Hartford Accident & Indemnity Co. of Hartford, Conn., 235 Mo.App. 729, 143 S.W.2d 483, State ex rel. Sanders v. Hartford Accident & Indemnity Co. of Hartford, Conn., Mo.App., 162 S.W.2d 650, and contends that the facts alleged by plaintiff do not constitute a violation of the Missouri Securities Law, and therefore, do not amount to a breach of the conditions of the dealer's bonds.

Obviously, the issue is clearly drawn. Are the acts complained of in plaintiff's petition prohibited by the Missouri Securities Law, specifically the provisions of Section 409.160, V.A.M.S.1949?

The construction and interpretation by the Kansas City Court of Appeals of a state statute, in this case the Missouri Securities Law, is binding upon this Court. Fidelity Union Trust Co. v. Field, 311 U.S. 169, 61 S.Ct. 176, 85 L.Ed. 109. We are not at liberty to determine the meaning of the statute on our own reasoning independent of the interpretation which the State itself has accorded it through judicial action.

The analysis of the purpose of the Missouri Securities Law, and the enumeration of the only acts which are to be recognized as violative of the statute must be adopted by this Court. As a consequence, based upon State ex rel. Sanders v. Hartford Accident & Indemnity Company of Hartford, Conn., 235 Mo.App. 729, 143 S.W.2d 483, it is

readily apparent that Leask's conduct did not violate the Missouri Securities Law, and hence, the condition of the bond provided for by the law, namely, faithful compliance with the law, is not breached.

For these reasons, plaintiff has not stated a claim upon which relief can be granted. Defendant's motion to dismiss is sustained. It is so ordered.