38005. JONES *v.* STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.

728

Decided November 18, 1959.

*Randall Evans, Jr.,* for plaintiff in error.

*Fulcher, Fulcher, Hagler & Harper, E. D. Fulcher, Robert E. Knox,* contra.

TOWNSEND, Judge. ■ Code (Ann.) § 32-429 (Ga. L. 1949, p. 1155) which requires the various school boards of this State to insure school children riding therein to and from school against bodily injury or death resulting from an accident or collision was held in *State Farm Mutual Automobile Ins. Co.* v. *Jones,* 98 *Ga. App.* 46 (104 S. E. 2d 725) to require a policy insuring such school children against accidental injury under the circumstances therein involved, and it was stated that "the question of negligence is not involved."

It follows that regardless of the language of a contract of insurance covering the operation of school buses and taken out at the instance of school boards pursuant to Section I of the Act of 1949, supra, the insurance specially covering school children is accident insurance without regard to the negligence of anybody, and the policy will, regardless of its terms, be construed in accordance with the act. *Talmadge* v. *General Cas. Co. of America,* 88 *Ga. App.* 234 (76 S. E. 2d 562). If the injury is to a member of the general public the insurance will be construed according to the terms of the policy as liability insurance. In this case the injury was to a member of the general public and the insurance must be construed as liability insurance covering members of the general public against the negligence of the driver of the bus. This action being one by the bus driver claiming that a member of the general public was injured and damaged by a school bus covered by the policy of insurance of the defendant and that he bought that claim from the member of the public so damaged and is entitled to recover from the insurance company on the theory that he is subrogated to the rights of the assignor who was damaged by the operation of the school bus covered by the policy in question, it is accordingly necessary to look to the contract of insurance itself in order to

see whether the plaintiff driver of the school bus had any legal rights thereunder, and to the allegations of the petition to determine whether, if he has no rights under the policy, he has otherwise acquired the right by assignment to prosecute this action. Code (Ann.) § 32-431 provides that boards of education are authorized but not required to insure members of the general public against personal injury or death or damage to property resulting from the negligent operation of said buses and "nothing . . . in this law shall be construed as imposing legal liability upon such boards on account of such accidents." In *Krasner* v. *Harper*, 90 *Ga. App.* 128, 137 (82 S. E. 2d 267) it was held: "There is not the slightest intimation that the insurance was intended for the protection of the drivers or operators of the school buses." Accordingly the policy of insurance as applied to this case is one of liability and not accident insurance.

■ The insurance contract undertakes to "pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of injury to or destruction of property . . . arising out of the ownership, maintenance or use of the automobile." It follows that the insured is not obligated to pay anything to anybody unless the insured becomes liable through its own negligence or the negligence of one using the bus with its permission for damages to some third person. Counts 1, 3 and 4 of the petition allege that there was no such negligence on the part of the driver, and no negligence is alleged which would otherwise be attributable to the insured. Therefore O'Shields could not recover from the insured in an action against it, and the plaintiff could not, by the assignment, succeed to any rights greater than those of the assignor. Counts 1, 3 and 4 accordingly set out no cause of action and the trial court did not err in sustaining the general demurrer thereto.

■ Count 2 alleges that the damage resulted in part from the plaintiff's own negligence, for which reason it became legally necessary for the plaintiff to protect himself by paying off the claim of O'Shields in order to avoid legal action. This places the plaintiff in the position of an insured under the policy, which defines an insured as including "any person while using the automobile and any person or organization legally responsible

for the use thereof, provided the actual use of the automobile is by the named insured or with his permission," it being alleged that exclusive charge and control of the vehicle had been turned over to the plaintiff by the owner. Under Insuring Agreement V, in addition to its specific use for the transportation of children and others, the school bus is defined as "an automobile of any type used for purposes of personal pleasure and business," which includes "occasional use for personal pleasure, family and other business purposes." The petition does not state whether the plaintiff was driving the vehicle at the time in question on school or personal business; however, in either event, under the allegations of this petition this particular contract of insurance did protect the driver against damages resulting from his negligence in its use, and also agreed to defend any action seeking such damages. Thus, the petition does not show the plaintiff as a member of the general public injured by the negligence of the driver of a school bus, but shows that he, as a driver, injured another through his own negligence, paid off the claim, and now seeks to recover the money from the insurance company. As an insured he failed to comply with policy provisions not to settle a claim without the consent of the company or until after final judgment against him, and accordingly under Condition 4 of the policy, he cannot bring an action against the insurance company to recover the amount paid by him. He alleges in this count that the payment was involuntary and states as the reason therefor that O'Shields was demanding payment and threatening suit which would entail expenses including attorney fees. It is contended by counsel for the plaintiff in error that settlements effected in violation of the provisions of the policy by the insured, made involuntarily and possibly under duress, constitute a legal excuse for this violation of policy provisions. Assuming but not deciding that there may ever be such an exception, it certainly cannot be invoked for the reasons relied on here. These conditions exist every time a claim is made against the insured. The plaintiff is not, merely because he is a driver, entitled to benefits of any accident provisions of the policy as related to school children. As an assignee of O'Shields he cannot proceed regardless of his own negligence because O'Shields could not have done so unless the plaintiff was negligent. As

an insured he cannot proceed because he is either not negligent, or, if negligent, has failed to comply with the conditions of the policy by settling the claim without the knowledge and approval of the company.

Also as pointed out in the first division hereof, the policy of insurance here under consideration constitutes accident insurance only as to school children. As to the plaintiff, who was not a school child, but who was driving the school bus and who as such was the insured under the terms of the policy, it was not accident insurance but liability insurance protecting the insured from liability on account of injuries and damages he may inflict on others in the operation of the vehicle because of his negligence. There is no liability on the part of the insurance company under the terms of the policy, for injuries he inflicts upon himself. Accordingly, his action against the insurance company for $25 for injuries he alleges he received in the collision of the school bus with the O'Shields vehicle is demurrable.

It was not error for the trial court to sustain the general demurrers and dismiss the petition.

*Judgment affirmed.* *Gardner, P. J., and Carlisle, J., concur.*