38505. YORKSHIRE INSURANCE COMPANY
OF NEW YORK v. CRAVEY, Commissioner, etc.

Decided October 3, 1960—Rehearing denied October 18, 1960.

*Smith, Field, Ringel, Martin & Carr, H. A. Stephens, Jr.*, for plaintiff in error.

*Zachary & Hunter, John C. Hunter*, contra.

FRANKUM, Judge. ■ A bond executed in compliance with a regulation authorized by statute will be interpreted in the light of the regulation. *Jones v. State Farm Mutual Automobile Ins. Co.*, 100 Ga. App. 727 (112 S. E. 2d 323); *Talmadge v. General Casualty Co.*, 88 Ga. App. 234 (76 S. E. 2d 562). A plaintiff must show a right to maintain an action against the defendant. *Hill v. Shaw*, 189 Ga. 294 (5 S. E. 2d 778); *National Ben Franklin Fire Ins. Co. v. McGann*, 170 Ga. 573 (153 S. E. 362).

The bond in question was made in compliance with a regulation of the Insurance Commissioner issued under the authority of *Code* § 56-110, which regulation is, in part, as follows: "1009. 1. Immediately upon issuance of charter by the Secretary of State a certified copy of the petition and charter shall be filed with the Insurance Commissioner, and before any capital stock is offered for sale the incorporators shall select one of their members to serve as Treasurer while the organization is being completed. Written minutes shall be kept of all meetings during the organization period, which shall be available for inspection by the Insurance Department at all times. 2. [not applicable] . . . 3. The Treasurer shall be custodian of all funds of the company realized from the sale of stock, or otherwise, and shall give bond in the amount of          Dollars ($     ) payable to the Insurance Commissioner of Georgia conditioned upon his faithful accounting for all funds coming into his hands, said bond to be filed with the Department of Insurance. 4. The Treasurer shall deposit promptly, not less than once each week, all funds of the company coming into his

possession, in a Georgia Bank or Banks insured by the Federal Deposit Insurance Corporation under an escrow agreement that said funds are being held pending the organization of the insurance company and that the funds are to be turned over to the insurance company when the organization is completed; and, in the event that the organization is not completed within the time permitted by law, then to be returned to the subscribers of stock in said company. . ."

The Insurance Commissioner of Georgia is the obligee in said bond. Counsel for the insurance company contend that the action cannot be brought in the name of the Commissioner for the use of anyone. However, the authorities cited by counsel involve penalty bonds, while the bond in the instant case is for "the faithful accounting for all funds coming into his [treasurer's] hands." Specifically, the funds referred to are the moneys taken for subscription of stock during the organization of the Republic Life Insurance Co., and in the event the organization is not completed, the money is to be returned to the subscribers. A suit may be brought by the Insurance Commissioner on the bond for the use of the parties who were to receive the refunds. *Fidelity & Deposit Co. v. Nisbet*, 119 Ga. 316 (46 S. E. 444).

In the *Nisbet* case, the order of court appointing the receiver required him to make and file in the office of the Clerk of the Superior Court of Bibb County a "good and sufficient bond, in the sum of $25,000, conditioned for the faithful performance of his duties as receiver under the order and such other orders as might be passed in the case." The order of appointment further provided that the receiver should deposit all moneys coming into his hands in certain designated banks and to be paid out in a certain manner on checks signed and countersigned in specified manners. The receiver executed the bond, the Fidelity Company becoming the surety thereon. Thereafter, the clerk, as obligee on the bond, brought suit on the bond. The parallel is obvious that in the case *sub judice* the principal gave bond conditioned on his true and faithful accounting for all funds coming into his hands as said treasurer and reciting that the bond was expressly given in compliance with official regulation No. 1009.

The instant case is distinguishable from *Glens Falls Indem. Co. v. Southeastern Construction Co.,* 207 Ga. 488 (62 S. E. 2d 149), in that the completion bond in the *Glens Falls* case between a prime contractor and a subcontractor did not contemplate a liability to certain usees who supplied materials to the subcontractor. In the instant case regulation No. 1009, under an enabling statute, *Code* § 56-110, prescribed for a refunding of money to the subscribers of stock upon the happening of an event, and a bond to the Insurance Commissioner to insure the faithful accounting by the treasurer. The intent can only mean that a bond be given to insure a proper accounting to the subscribers of the stock. Such intent will be read into the bond contract by operation of law when the bond purports to satisfy a regulation requirement authorized by statute. *Jones v. State Farm Mutual Auto. Ins. Co.,* 100 Ga. App. 727, supra. The bond specifically refers to the regulation and was made in conformity with it. These facts are important to reveal the intent of the contract, and they distinguish the instant case from *American Surety Co. v. Small Quarries Co.,* 157 Ga. 33 (120 S. E. 617). Thus, the action can be maintained in the name of the Insurance Commissioner for the use of the plaintiff who had a beneficial interest, because the intent of the regulation is to provide for the faithful accounting by a company's officer to the subscribers of stock, which, in turn, is a part of the contract, not only by express reference but by operation of law.

The petition alleges that the company "was not completed within the time provided by law," and that the Insurance Commissioner ordered the funds returned to the subscribers. The petition further alleges that the defendants failed to return the $750 after demand. Such facts are sufficient to show a breach of the conditions of the bond. The trial court did not err in overruling the general demurrer.

■ The defendant specially demurred to the petition on the grounds that the incorporators of the insurance company are not alleged. It is contended that such allegation might disclose the plaintiff as an incorporator, which would make available to the defendant a possible defense, viz., that the plaintiff would not be entitled to the refund of his subscription by reason of the

plaintiff's position. These demurrers are without merit. A petition merely serves, among other purposes, to set forth sufficient facts to show the plaintiff has a right for which the law supplies a remedy. It is not usually incumbent upon a plaintiff to negate all possible defenses a defendant might or may have.. In the instant case the names of the incorporators have no relation to the treasurer's faithful accounting. The action is predicated on the treasurer's failure to return a subscription in accordance with the direction of the regulation. The allegations of the petition which refer to the incorporators are only averments of inducement. See *American Thread Co. v. Rochester*, 82 Ga. App. 873 (62 S. E. 2d 602).

■ Paragraphs 14 and 15 of the plaintiff's petition, as amended, are as follows: "14. That the organization of The Republic Life Insurance Company was not completed within the time permitted by law (as contemplated by Paragraph 4 of said Official Regulation) and the funds in the hands of the said Embry P. Eve, Jr., were ordered returned to the subscribers of stock in said company by the plaintiff, Insurance Commissioner of the State of Georgia as provided in said Paragraph 4 of said Official Regulation. 15. By virtue of the expressed terms of said Official Regulation, upon the failure of the Republic Life Insurance Company to complete its organization within the time provided by law, the usee, William E. Zachary, is entitled to the return of the sum of $750 paid to the treasurer of the Incorporators Group, as money had and received, and is expressly contemplated by the said Official Regulation, by the said Embry P. Eve, Jr., principal on said bond to which the defendant, The Yorkshire Insurance Company of New York is a party surety." The defendant specially demurs to the above allegations on the grounds that the averments are vague, indefinite, and conclusions of the pleader; that the date upon which the funds in the hands of the treasurer were ordered returned to the subscribers is not set forth in the petition, nor is it alleged whether the Insurance Commissioner's order was written or oral, nor is it alleged that the treasurer was ordered to return the $750 to the plaintiff usee, nor is there an allegation showing that the treasurer was called upon to render an accounting.

The averments are not vague, indefinite, nor conclusions. It is alleged that the Insurance Commissioner ordered the refund. He could only do this when the time for the organization had expired. The plaintiff's claim is that the treasurer has failed to refund the subscription after such an order by the Insurance Commissioner. His rights to the refund accrued upon the issuance of the Commissioner's order. The reference in the petition to the time within which the organization of the company by the incorporators was to be completed are mere allegations of inducement to show the history of the case or to show the surrounding facts wherein the cause of action arose. Such allegations do not require the particularity in pleadings as do other essential averments setting out the essence of the cause of action. *American Thread Co. v. Rochester*, 82 Ga. App. 873, supra; *Whitaker v. Creedon*, 97 Ga. App. 320 (103 S. E. 2d 175); *Hobbs v. Holliman*, 74 Ga. App. 735 (41 S. E. 2d 332).

The defendant is entitled to know the date when the treasurer was ordered to refund the subscriptions, and also whether such order was written or oral. The trial court erred in overruling the demurrers 5(a) and 5(b), pointing out these deficiencies. The other demurrers raising the question of accounting are without merit. It is alleged in the petition that demand was made on the defendants for payment, and the defendants failed and refused to pay.

*Judgment affirmed in part and reversed in part. Townsend and Carlisle, JJ., concur. Gardner, P. J., not participating.*