38933.   TREADWAY v. LUMBERMENS MUTUAL CASUALTY COMPANY.

DECIDED SEPTEMBER 28, 1961.

*N. Forrest Montet,* for plaintiff in error.

*Louis D. Yancey, Jr.,* contra.

FRANKUM, Judge. The defendant contends that the bond is limited to the company listed on the application only, and he also contends that Augusta Mill Supply cannot be considered the same concern as Augusta Mill Supply Co. We are of the opinion that it is unnecessary to determine these questions. Regardless of any application by the employee for a bond or contents of such application, the indemnity contract (bond) shows upon its face to be between the companies named, as the insured, and the plaintiff, whereby the latter agreed to indemnify the insured against any defalcation of its employees.

This court recognizes that there is a distinction between a contract of surety and indemnity, but it is unecessary to determine whether the contract in the instant case is one of surety or indemnity. See *John Church Co. v. Aetna Indem. Co.,* 13 Ga. App. 826 (80 SE 1093); 42 C.J.S. 566, Indemnity, § 3. As stated in *Yorkshire Ins. Co. v. Cravey,* 102 Ga. App. 591, 596 (117 SE2d 167): "A petition merely serves, among other purposes, to set forth sufficient facts to show the plaintiff has a right

for which the law supplies a remedy." Under the ruling of *Lumpkin v. American Surety Co.,* 61 Ga. App. 777 (7 SE2d 687), and *First Nat. Bank v. American Surety Co.,* 71 Ga. App. 112 (30 SE2d 402), the petition alleges sufficient facts to set forth a cause of action upon the basis that the defendant's employers have assigned their cause of action against the defendant to the plaintiff. The petition sets forth sufficient facts to allege a cause of action, and the trial court did not err in overruling the general and special demurrers.

*Judgment affirmed. Townsend, P. J., and Jordan, J., concur.*